An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDRA A. GAINES A/K/A ANTHONY
RAY GAINES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61641

FILED

JUN 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting in part and denying in part appellant Andra A. Gaines' post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

First, Gaines contends that the district court erred by not finding that counsel was ineffective for advising him to accept a plea deal without any benefits because potentially "his sentence would not be as harsh as if he proceeded to trial." We disagree with Gaines' contention.

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing, heard testimony from Gaines and his former counsel, and concluded that counsel's performance was not deficient and Gaines failed to demonstrate prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d

1102, 1107 (1996). The district court also found that Gaines "was aware of the options available to him during negotiations and at sentencing" and that his "sentence was appropriate under the circumstances." The district court's findings are supported by substantial evidence and not clearly wrong, and Gaines has not demonstrated that the district court erred as a matter of law. Therefore, we conclude that the district court did not err by rejecting Gaines' ineffective-assistance claim.

Second, Gaines contends that the district court erred by denying his petition because counsel was ineffective for failing to file a direct appeal. The district court, however, found that Gaines was, in fact, improperly denied his right to a direct appeal and granted his petition in part on that basis. We conclude that Gaines fails to demonstrate that he is entitled to additional relief, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                       Cherry

cc:    Hon. James M. Bixler, District Judge
       Keith C. Brower
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk